# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**Ellen Lipton Hollander**<br>District Court Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0742 |

October 14, 2016

MEMORANDUM TO COUNSEL

    Re:    *Rosela et al. v. American Power Boat Association et al.*
             Civil Action No. ELH-16-2969

Dear Counsel:

      As you know, on August 25, 2016, plaintiffs Carrie Ann Rosela, Individually, as Surviving Mother and as Personal Representative of the Estate of Julianne A. Rosela, Deceased Minor; Antonio Gapuz Rosela, Jr., as Surviving Father of Julianne Addison Rosela, Deceased Minor; Michele L. Thomas; Gerald R. Maisel; Bertha Maisel; Allison Oyler; Nicholas Romanchick; Sara Ashley Walder; Joseph F. Walder, Jr.; Raymond Louis Stokes, III; Julia Davidson Barton; Ryan Michael Pribell; Jennifer Browning; Mitchell Thomas; and R.J.T. (2008), a Minor, by his Father and Next Friend, Mitchell Thomas, filed suit against American Power Boat Association; American Power Boat Association Region IV, Inc.; Kent Narrows Racing Association, Inc.; Alexander Findlow; Jared Walls; Dan Walls; and any other owner of the GNH-12 Vessel ("John Doe"). ECF 1. Plaintiffs allege, *inter alia*, that seven-year old Julianne Addison Rosela was killed in June 2015, during a powerboat race, when the "GNH-12 . . . veered off the race course and crashed at a high rate of speed. . . ." into spectators watching the race. *Id.* at 5. They also assert that many other spectators were seriously injured.

      According to the docket, American Power Boat Association Region IV, Inc. was served on September 6, 2016 (ECF 4); Kent Narrows Racing Association, Inc. was served on September 9, 2016 (ECF 5); Alexander Findlow was served on September 8, 2016 (ECF 6); Jared Walls was served on September 12, 2016 (ECF 7); American Power Boat Association was served on September 8, 2016 (ECF 8); and Dan Walls was served on September 17, 2016. ECF 9.

      Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), a defendant must respond to a complaint within 21 days of service of the suit. As of this date, no responsive pleading to the Complaint has been filed by any defendant. *See* Docket. Therefore, within seventeen days of the date of docketing of this Order, plaintiffs are directed to file a motion for clerk's entry of default as to each defendant, pursuant to Fed. R. Civ. P. 55(a), or show cause why such action is not appropriate.

- 2 -

      Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

                                 Very truly yours,

                                   /s/
                                Ellen Lipton Hollander
                                United States District Judge